UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLOBAL MEDIA NETWORK,<br><br>                              Plaintiff,<br>           -against-<br><br>TIDAL,<br><br>                              Defendant. | 25-CV-5675 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

　　Plaintiff Global Media Network filed this action *pro se*. Non-party William Scales signed the complaint but did not pay the $405.00 in fees to initiate a new civil action or submit an application to proceed *in forma pauperis* ("IFP"). For the reasons set forth in this order, the Court dismisses the claims asserted by Global Media Network without prejudice.

　　To proceed with a civil action in this court, a plaintiff must either pay $405.00 in fees—a $350.00 filing fee plus a $55.00 administrative fee—or, request authorization to proceed IFP, that is, without prepayment of fees, by submitting a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915. Only a natural person, however, can proceed IFP; an entity like Plaintiff Global Media Network cannot. *See Rowland v. California Men's Colony*, 506 U.S. 194, 196 (1993) (holding that only natural persons may proceed IFP under 28 U.S.C. § 1915).

　　Moreover, an entity like Global Media Network cannot proceed without counsel. *See, e.g.*, *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (noting that "it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*").

　　Accordingly, the Court dismisses Global Media Network's claims without prejudice to that entity proceeding with this action with counsel and with the payment of the fees.

## CONCLUSION

The Court dismisses Global Media Network's claims without prejudice to this entity proceeding with this action with counsel and with the payment of the fees.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated: July 23, 2025
        New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                         Chief United States District Judge